UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN ADMIRALTY

CASE NO: 3:18-CV-1166-TJC-MCR

IN THE MATTER OF:

COMPLAINT OF CYRSTAL COVE RESORT, LLC,
For Exoneration and/or Limitation of Liability
2005 Godfrey Pontoon Sweetwater Challenger 240 RE,
Hull Identification Number GDY1395CH405,
Including its engine, tackle, appurtenances, etc.
_____/

## RESPONDENT/CLAIMANT'S, CDR MAGUIRE, ANSWER, AFFIRMATIVE DEFENSES AND CLAIM

| | |
|---|---|
| Name of Respondent/Claimant: | CDR Maguire, Inc. |
| Respondent/Claimant's Contact: | Kennedys CMK LLP<br>1395 Brickell Avenue<br>Suite 610<br>Miami, Florida 33131<br>(305) 371-1111 |
| Date of Incident Giving<br>Rise to Claim: | January 15, 2018 |
| Brief Description of Claim: | See First Amended Complaint of Monica Lynn Davis-Wilkes v. CDR Maguire, Inc., Kenneth Bryan Helms, Dakota Sams and Crystal Cove Resort, LLC (appended hereto as Exhibit "A") |

Respondent/Claimant, CDR MAGUIRE, INC. ("CDR") files this its Claim, Answer and

Affirmative Defenses to Petitioners' Complaint for Exoneration From and Limitation of Liability

[D.E. 1] and states:

## ANSWER

1.      CDR is without knowledge of the allegations set forth in paragraph 1 of the Verified Complaint for Exoneration from or Limitation of Liability and demands strict proof thereof.

2.      CDR is without knowledge of the allegations set forth in paragraph 2 of the Verified Complaint for Exoneration from or Limitation of Liability and demands strict proof thereof.

3.      CDR is without knowledge of the allegations set forth in paragraph 3 of the Verified Complaint for Exoneration from or Limitation of Liability and demands strict proof thereof.

4.      CDR is without knowledge of the allegations set forth in paragraph 4 of the Verified Complaint for Exoneration from or Limitation of Liability and demands strict proof thereof.

5.      CDR is without knowledge of the allegations set forth in paragraph 5 of the Verified Complaint for Exoneration from or Limitation of Liability and demands strict proof thereof.

6.      CDR is without knowledge of the allegations set forth in paragraph 6 of the Verified Complaint for Exoneration from or Limitation of Liability and demands strict proof thereof.

7.      CDR is without knowledge of the allegations set forth in paragraph 7 of the Verified Complaint for Exoneration from or Limitation of Liability and demands strict proof thereof.

8.      CDR is without knowledge of the allegations set forth in paragraph 8 of the Verified Complaint for Exoneration from or Limitation of Liability and demands strict proof thereof.

9.      Denied.

10.     Denied.

11.     CDR is without knowledge of the allegations set forth in paragraph 11 of the Verified Complaint for Exoneration from or Limitation of Liability and demands strict proof thereof.

12.     Admitted.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Admitted.

20.     CDR is without knowledge of the allegations set forth in paragraph 20 of the Verified Complaint for Exoneration from or Limitation of Liability and demands strict proof thereof.

21.     CDR is without knowledge of the allegations set forth in paragraph 21 of the Verified Complaint for Exoneration from or Limitation of Liability and demands strict proof thereof.

22.     Denied.

23.     CDR is without knowledge of the allegations set forth in paragraph 23 of the Verified Complaint for Exoneration from or Limitation of Liability and demands strict proof thereof.

24.     CDR is without knowledge of the allegations set forth in paragraph 24 of the Verified Complaint for Exoneration from or Limitation of Liability and demands strict proof thereof.

25.     CDR is without knowledge of the allegations set forth in paragraph 25 of the Verified Complaint for Exoneration from or Limitation of Liability and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

26.     As and for its First Affirmative Defense, CDR asserts that the Petitioner is not entitled to Exoneration from or Limitation of Liability because Petitioner was actively negligent.

27.     As and for its Second Affirmative Defense, CDR asserts that the Petitioner is not entitled to Exoneration from or Limitation of Liability because Petitioner, its agents, employees were aware of negligent conditions or defects of the vessel's crew which may have caused or contributed to Claimant's injuries.

28.     As and for its Third Affirmative Defense, CDR asserts that the Petitioner is not entitled to Exoneration from or Limitation of Liability because Petitioner, its agents, employees and/or the crew of the subject vessel were improperly trained.

29.     As and for its Fourth Affirmative Defense, CDR asserts that the Petitioner is not entitled to Exoneration from or Limitation of Liability because Petitioner, its agents, employees because crew of the subject vessel was of insufficient number for the safe operation of the vessel.

30.     As and for its Fifth Affirmative Defense, CDR asserts that the Petitioner is not entitled to Exoneration from or Limitation of Liability because Petitioner, its agents and/or the crew of the subject vessel were the proximate cause of Claimant's injury.

31.     As and for its Sixth Affirmative Defense, CDR asserts that the Petitioner is not entitled to Exoneration from or Limitation of Liability because Petitioner, its agents, employees and/or the crew of the subject vessel had no formal safety procedures which would have prevented Claimant's injury.

32.     As and for its Seventh Affirmative Defense, and in the alternative to its Eighth Affirmative Defense, CDR asserts that the Petitioner is not entitled to Exoneration from or Limitation of Liability because Petitioner, its agents, employees and/or the crew of the subject violated or failed to adhere to the vessel's safety procedures, if such procedures exist.

33.     As and for its Eighth Affirmative Defense, CDR asserts that the Petitioner is not entitled to Exoneration from or Limitation of Liability because Petitioner's vessel was unseaworthy with the vessel's unseaworthiness known to the Petitioner and/or its agents and/or employees.

34.     As and for its Ninth Affirmative Defense, CDR asserts that the Petitioner is not entitled to Exoneration from or Limitation of Liability because Petitioner, its agents, employees

and/or the crew of the subject vessel knew or should have known that the vessel failed to carry adequate safety equipment which could have prevented Claimant's injury.

35.     As and for its Tenth Affirmative Defense, CDR asserts that the Petitioner is not entitled to Exoneration from or Limitation of Liability because Petitioner, its agents, employees failed to adequately supervise the vessel's crew commensurate with the hazardous activity which Claimant's injury was undertaking.

36.     As and for its Eleventh Affirmative Defense, CDR asserts that the Petitioner is not entitled to Exoneration from or Limitation of Liability because Petitioner, its agents, employees and/or the crew of the subject vessel are vicariously liable for Claimant's injury.

37.     As and for its  Twelfth Affirmative Defense, CDR asserts that the Petitioner is not entitled to Exoneration from or Limitation of Liability because Petitioner, its agents, employees and/or the crew of the subject vessel are jointly and severally liable for Claimant's injury.

38.     As and for its Thirteenth Affirmative Defense, CDR asserts that the Petitioner is not entitled to Exoneration from or Limitation of Liability because Petitioner knowingly and recklessly placed an unlicensed operator in charge of, navigating and/or controlling the vessel.

39.     As and for its Fourteenth Affirmative Defense, CDR asserts that the Petitioner is not entitled to Exoneration from or Limitation of Liability because Petitioner failed to have an established man overboard procedure.

40.     As and for its Fifteenth Affirmative Defense, CDR asserts that the Petitioner is not entitled to Exoneration from or Limitation of Liability because Petitioner failed to maintain a crew which would have seen the approaching HELMS vessel and alerted the unlicensed Captain to imminent danger.

## CLAIM

Respondent/Claimant, CDR, as and for its claim against CRYSTAL COVE RESORT, LLC and the Limitation Fund affirmatively states that this Court should retain jurisdiction over this claim and not enter a Stay so that the underlying claim can be litigated in State Court because:

### COUNT I -  CONTRIBUTION AND INDEMNIFICATION & COSTS

41.    If liability is assessed in this action, it may be assessed against DAKOTA SAMS, BRYAN HELMS, CDR MAGUIRE and Petitioner alleging all were arguably acting in the furtherance of the vessel's mission.

42.    In such event, CDR seeks Contribution and/or Indemnity from CRYSTAL COVE RESORT and DAKOTA SAMS and the  Limitation Fund (post casualty value of the CRYSTAL COVE 2005 Godfrey Pontoon Sweetwater Challenger 240 RE vessel") which will be insufficient to indemnify CDR for indemnity, fees and costs which will be incurred in his defense, as the amount of fees reasonably anticipated to be incurred will greatly exceed the value of the Limitation Fund.

43.    By virtue of joint and several liability in admiralty actions, CDR, has a direct claim for indemnity and contribution against the Petitioner

WHEREFORE, Respondent/Claimant, CDR, having fully answered Petitioner's Complaint, prays for entry of judgment in his favor (plus costs) and for such other relief as this Court deems just and proper.

## CERTIFICATE OF SERVCE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, on this 12th day of

November, 2018, and that the foregoing document is being served this day on all counsel of record identified on the attached Service List, via transmission of Notices of Electronic Filing generated by CM/ECF.

KENNEDYS CMK LLP
1395 Brickell Ave.
Suite 610
Miami, FL  33131
Tel.: (305) 371-1111
E-Mail: neil.bayer@kennedyscmk.com


By: ___/s/ Neil Bayer_____
        Neil Bayer, Esquire
        FBN: 615684

## SERVICE LIST

Attorneys for Monica Lynn Davis Wilkes:
Howard T. Sutter, Esq.
SUTTER MARITIME, LLC
1140 Fruit Cove Road
Jacksonville, FL  32259
Tel.: (904) 429-4334
hsutter@suttermaritime.com

Attorneys for  Crystal Cove Resort, LLC:
Donovan Adam Roper
Roper & Roper, P.A.
116 N Park Ave.
Apopka, FL  32703
Tel. (407) 884-9944
email@roperandroper.com

CASE NO: 3:18-CV-1166-TJC-MCR

Attorneys for Crystal Cove Resort, LLC
And Dakota Sams:
Ryan K. Williams, Esq.
Samir R. Achem, Jr., Esq.
Cole, Scott & Kissane, P.A.
4686 Sunbeam Road
Jacksonville, FL  32257
Tel.: (904) 672-4098
Ryan.williams@csklegal.com
Sami.achem@csklegal.com

Kenneth Bryan Helms
636 Cedar Creek Rd.
Palatka, FL  32177